# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DURWYN TALLEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 15-CV-1073-SMY-RJD ) |
| DIRECTOR OF WEXFORD MEDICAL HEALTH SOURCES, et al., | ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Reona J. Daly (Doc. 122) recommending that Defendants' motions for summary judgment for failure to exhaust administrative remedies (Docs. 65 and 109) be granted. No proper objection to the Report has been filed. *See* 28 U.S.C. § 636(b)(1), Fed.R.Civ.P. 72(b)(2), SDIL-LR 73.1(b). For the following reasons, the Report and Recommendation is **ADOPTED** in its entirety.

### Background

Plaintiff Durwyn Talley filed this action pursuant to 42 U.S.C. § 1983. During all times relevant to his claims, Talley was incarcerated at Menard Correctional Center ("Menard"). He filed an Amended Complaint (Doc. 62) asserting an Eighth Amendment claim against Michael Moldenhauer and John Trost, medical personnel at Menard, for deliberate indifference to his serious medical needs regarding his hypothyroid condition, an Eighth Amendment claim against Menard warden Kimberly Butler in her individual capacity, for deliberate indifference to his serious medical needs regarding the hypothyroid condition, and a claim for injunctive relief against Jeff Korte, the warden at his current facility.

1

Defendants Moldenhauer, Trost and Butler filed motions for summary judgment for failure to exhaust administrative remedies. Plaintiff maintained that he submitted seven to ten grievances related to his condition, but never received a response (Docs. 77, 119). Judge Daly held an evidentiary hearing to determine whether the grievance process was available to and properly completed by Plaintiff (Doc. 121).

Following the hearing, Judge Daly issued a Report and Recommendation on March 16, 2017, in which she concluded that Plaintiff's testimony and evidence were not credible, that the grievance process was available to him and that he did not complete the grievance process with regards to his complaints about his hypothyroid condition (Doc. 122 at 4).

Objections to the Report and Recommendations were due by March 30, 2017. 28 U.S.C. § 636(b); Local Rule Rule 73.1(b). Plaintiff's counsel filed no objections by the deadline.[1] On April 20, 2017, Plaintiff filed a pro se, handwritten "Late Motion to Reconsider" (Doc. 128) in which he alleges that his lawyer purposely lost the motion for summary judgment contest, that he only received notice of the Court's action on April 18, 2017 and that Judge Daly relied on false evidence relating to his grievances record submitted during the hearing.

**Discussion**

Plaintiff's "Late Motion to Reconsider" is improper and will not be considered. First, the Court may decline to consider a motion filed *pro se* by a litigant who is represented by counsel. *See United States v. Gwiazdzinksi*, 141 F.3d 784 (7th Cir. 1998); *United States v. Rollins*, 309 Fed. App'x 37 (7th Cir. 2009); *United States v. Hiatt*, 2017 WL 2687523 (S.D. Ind. June 22, 2017). Additionally, the motion was filed several weeks past the objection deadline and the Court is unpersuaded by Plaintiff's bare assertion that he did not learn about the filing of the

---

[1] Plaintiff's counsel subsequently withdrew due to a breakdown in the attorney-client relationship in July 2017 (Doc. 139).

Report until April 18, 2017. Further, Plaintiff has not, as required by Federal Rule of Civil Procedure 72(b)(2), furnished a copy of the record of the evidentiary hearing. Given the nature of his argument—that Judge Daly's Order was the result of false testimony at the hearing—this is an especially crucial omission. Therefore, Plaintiff's untimely objections will be disregarded and the Court will review the Report and Recommendations only for clear error only. *See* Johnson *v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999), 28 U.S.C. § 636(b)(1).

While it appears that there was a line of questioning that turned out to be misleading during the hearing (Doc. 130 at 2), Judge Daly did not rely on this information and the Court finds no error in her holding that despite the process being available to him, Plaintiff did not complete the grievance process with respect to his hypothyroid condition. The only documentary evidence Plaintiff provided in this case are three handwritten copies of grievances he purports to have submitted. Underlying Judge Daly's finding with respect to Plaintiff's credibility is an affidavit Plaintiff filed in another a case in this district related to a different medical condition, gastroesophageal reflux disease (*Talley v. Godinez*, 3:14-cv-948-SCW). In that case, Plaintiff listed 67 grievances, but did not include the 3 he submitted in this case, despite the fact that 2 of the 3 grievances mentioned GERD. Additionally, Judge Daly relied on Defendants' records which indicate that Plaintiff had submitted no grievances related to his hypothyroid condition.

Accordingly, the Court **ADOPTS** Magistrate Judge Daly's Report and Recommendation (Doc. 122), **GRANTS** Defendants Trosts and Moldenhauer's (Doc. 65) and Defendant Butler's (Doc. 109) motions for summary judgment, and **DISMISSES** Plaintiff's claims against Defendants Trost, Moldenhauer, Butler and Korte **without prejudice**.

**IT IS SO ORDERED.**

**DATED: August 22, 2017**

                                                 **s/ Staci M. Yandle**
                                                 **STACI M. YANDLE**
                                                 **United States District Judge**